# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JIMMIE LEE DENNISON**                                                        **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 3:14CV-P378-S**

**HARDIN COUNTY DETENTION CENTER** *et al.*                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jimmie Lee Dennison filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A.

By separate Memorandum and Order entered this date, the Court ordered that Plaintiff's claims against the Marion County Sheriff's Office, located in Alabama, be severed from this action and transferred to the U.S. District Court for the Northern District of Alabama. Therefore, those claims will proceed in that court and will not be addressed here.

Furthermore, subsequent to the complaint, Plaintiff filed a document (DN 5), in which he states that, in reference to the claims against Judge Easton and the Hardin County Justice Center, he wanted to add "charges" of "Judicial Misconduct, Illegal Incarceration, Gross Negligence, Cruel and Unusual Punishment . . . ." Because the filing adds new claims not made in the complaint, the Court **CONSTRUES** the motion as a motion to amend the complaint and **GRANTS** the motion (DN 5). *See* Fed. R. Civ. P. 15(a)(1). The Court will conduct initial screening of the amended complaint, as well.

Upon initial review of the complaint and amendment, for the reasons set forth herein, the Court will dismiss some of the claims and allow Plaintiff to amend his complaint with regard to his claim concerning denial of medical treatment.

# I. SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate at the Hardin County Detention Center (HCDC). He sues HCDC, Judge Easton, and the Hardin County Justice Center. The complaint states that Defendants are sued in their official capacities only.

Plaintiff states that he was "ruled completely disable, diagnosed with Type 1 Bi-Polar, Paranoid Schitzophrenic, P.T.S.D., and Agoraphobia." He reports that he also has advanced arthritis and bursitis in his bones and joints. He was prescribed "Depakote, Respridal, Serqquil, Lortabe, Tramadol, Backlorate, and iburophen . . . ." He states that he started drawing Supplement Security Income (SSI) in 2008.

Plaintiff states that he "was arrested by Ky and ordered to pay back child support arrearages and put on 5 yrs probation[]" and that his "probation was up August 18th, 2012." He maintains that a warrant was issued for his arrest and that he was arrested in his home in Winfield, Alabama, on December 3, 2013, for "not paying enough out of my SSI on the arrearages."

According to the complaint, after initially being housed in Alabama, he was transported to HCDC. He states that he reported his medical conditions, including injuries from an accident he had while incarcerated in Alabama. He states, "They ignored it, and denied me any and all my medications. They even misdiagnosed my Depakote, Respindal, and Seraquil as for numbness in my legs, and denied them again!" He reports that after his parole was revoked and he was sentenced to 10 years, he was required to go to work in the HCDC kitchen and "due to lack of my medication and the numbness in my legs, had a terrible fall on the greasy floor of the kitchen." He further states, "It was x-rayed and they said no bones were broke so it was a torn rotary cup and tendon . . . ." He states that he "was refused all medical help for that, or even an

arm sling." He contends that it has caused him a lifetime of pain. He also alleges "Extreem Prejudice due to my race as a Native American." He states that he has "not been allowed ANY of my pain medication." He also maintains that he suffers excruciating pain day and night. Plaintiff also states that he has been denied "ALL my medication even medical attention or help" for injuries he sustained while incarcerated.

With regard to his conviction, Plaintiff reports that, in August 2008, he "was charged with Flagrant non Support because I am disabled and hadnt been paying Ky back enough." He states that he went to live with his sister in Mississippi and asked his public defender if he could attend court by phone. Plaintiff states, "They never responded back and I was charged with Bail Jumping." He reports that Judge Easton revoked his probation and sentenced him to 10 years. He states that a public defender told him that he was being illegally imprisoned and that there was another case decided which "reaffirmed a judge can only order someone to pay something based on their _ability_ to pay. Since Im _disabled_, I didn't have the _ability_ to pay! Also, _arrearages_ is a _DEBT_, we don't have debtors prison anymore!" (Emphasis by Plaintiff.) He states that his family has "lost our home, everything we owned but some clothes TWICE because of this court's illegal actions."

As relief, Plaintiff seeks compensatory and punitive damages and "release from illegal detention, records expunged, restore civil rights."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

*Claims against HCDC*

Plaintiff sues HCDC claiming that it denied him medical treatment. However, HCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department

4

may not be sued under § 1983). In this situation, Hardin County is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Hardin County is a "person" for purposes of § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

The Court will therefore construe the claims against HCDC as claims against Hardin County. When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violations.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

5

In the instant case, Plaintiff alleges that HCDC denied him medications and medical attention. However, he has not alleged that anyone acted pursuant to a municipal policy or custom in causing his alleged harm. Plaintiff's complaint appears to allege occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the alleged denial of medications and medical treatment occurred as a result of a policy or custom implemented or endorsed by Hardin County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it.

Therefore, Plaintiff's claims against HCDC must be dismissed for failure to state a claim upon which relief may be granted.

*Claims concerning medical treatment*

Construing Plaintiff's allegations that he was denied "any and all medications" and other medical treatment as true, as this Court is required to do at this stage, *Tackett*, 561 F.3d at 488, the Court will allow Plaintiff's claims concerning his medical treatment to proceed past initial review. However, Plaintiff sues only HCDC, which is subject to dismissal for the reasons stated above. Therefore, **the Court will afford Plaintiff an opportunity to file an amended complaint to name any specific individual(s) who is/are responsible for the alleged denial of medications and medical attention.** *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff having failed to identify any policy or custom that was the moving force behind his alleged injuries, the Court finds that

6

any official-capacity claims against any newly named Defendants would be futile; therefore, **Plaintiff must sue any newly named Defendants in their individual capacities.**

In allowing the claims to go forward, the Court passes no judgment on the ultimate merit.

*Discrimination claim*

Plaintiff also makes a brief reference in his complaint to being denied medical treatment because of his race as a Native American. The Court will construe this claim as a claim under the Fourteenth Amendment's Equal Protection Clause, which provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prove a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279. Plaintiff must allege that he was treated differently from other similarly situated individuals and that "[he] and other individuals who were treated differently were similarly situated *in all material respects*." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 636 (6th Cir. 2009) (emphasis in original).

Plaintiff's one-sentence claim that he was denied medical treatment because of his Native American race is broad and conclusory. He fails to allege that any other non-Native American inmate was afforded different treatment. Nor does he allege any other facts demonstrating discriminatory purpose or intent. Therefore, his discrimination claim will be dismissed for failure to state a claim upon which relief may be granted.

*Claims concerning his conviction and sentence*

Plaintiff also sues Judge Easton in his official capacity and the Hardin County Justice Center based on his claims that Judge Easton illegally revoked his probation and that he is being illegally imprisoned. He seeks immediate release and money damages. However, these claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), wherein the Supreme Court recognized that a plaintiff may not mount a constitutional challenge to his conviction or sentence if a ruling on his claim would necessarily render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Moreover, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff has not alleged that his conviction has been overturned or otherwise invalidated. In fact, the complaint makes clear that he is currently incarcerated under the conviction he is challenging. Therefore, Plaintiff's § 1983 claims challenging his conviction and sentence must be dismissed for failure to state a claim.

Furthermore, Plaintiff's demand for his release from custody, expungement of his record, and restoration of his civil rights are not available remedies under § 1983. *See Heck v. Humphrey*, 512 U.S. at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come with the literal terms of § 1983."). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).[1] Therefore, Plaintiff cannot seek release from incarceration, expungement, or restoration of his civil rights under § 1983, and his claims for such relief will be dismissed for failure to state a claim.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against HCDC, Judge Easton, and the Hardin County Justice Center are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. In addition, **IT IS ORDERED** that Plaintiff's claims alleging discrimination, challenging his conviction, and seeking release, expungement, and restoration of his civil rights are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint with respect to**

---

[1] The Court notes that Plaintiff filed a 28 U.S.C. § 2254 petition for writ of habeas corpus on the same date that he filed the instant action. However, he subsequently moved to voluntarily dismiss the petition to allow him to exhaust his state court remedies, and the Court granted his motion. The Court therefore sees no need to send Plaintiff a § 2254 form.

**his claims concerning his medical treatment.** Plaintiff shall name as Defendants the individuals whom he alleges are responsible for his injuries with respect to these claims and state specifically the factual allegations against them. The Clerk of Court is **DIRECTED** to place the case number and word "Amended" on a § 1983 complaint form and send it, along with three summons forms, to Plaintiff for his use should he wish to amend the complaint.

<u>**Plaintiff is WARNED that should he not file an amended complaint within 30 days, the Court will enter an Order dismissing the action**</u>.

Date:   November 5, 2014

                                       **Charles R. Simpson III, Senior Judge**
                                       **United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      Hardin County Attorney
4411.010