### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**JIMMIE LEE DENNISON**                                                              **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 3:14CV-P378-DJH**

**HARDIN COUNTY DETENTION CENTER** *et al.*                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Jimmie Lee Dennison filed the instant *pro se* 28 U.S.C. § 1983 action

proceeding *in forma pauperis*.  The Court conducted an initial review of the complaint (DN 1)

and amended complaint (DN 5) pursuant to 28 U.S.C. § 1915A and dismissed some of Plaintiff's

claims.[1]  The Court allowed Plaintiff to amend his complaint with regard to his claims

concerning denial of medical treatment to name any specific individuals who were responsible

for the alleged denial of medications and medical attention.  Plaintiff filed an amended complaint

(DN 14), which the Court construes as a second amended complaint.  The Clerk of Court is

**DIRECTED to re-docket** the amended complaint (DN 14) as a second amended complaint.

The Court will now undertake initial review of the second amended complaint pursuant

to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will allow some claims to

proceed past initial review and dismiss others.

### I.  SUMMARY OF ALLEGATIONS

Plaintiff is a convicted inmate currently incarcerated at the Roederer Correctional

Complex (RCC).  He was previously incarcerated at the Hardin County Detention Center

(HCDC).  Plaintiff names the following Defendants in the second amended complaint:  Hardin

---

[1]This case was originally assigned to Senior Judge Charles R. Simpson.  However, it was reassigned to the undersigned on December 11, 2014 (DN 18).

County; Christy, a Head Nurse at the HCDC Medical Department; Christy,[2] a Registered Nurse at the HCDC Medical Department; Heather, a Registered Nurse at the HCDC Medical Department; Southern Health Partners; and Correct Care Solutions.  He sues all Defendants in their individual capacities.

Plaintiff states that he was "diagnosed fully disabled in 1994 with Type 1 Bi-Polar, Paranoid Schitzophrenic, P.T.S.D. and Agoraphobia and was prescribed Depakote, Respridal, and Seroquil to treat it."  He reports that over time he developed advanced arthritis and bursitis in both shoulders and was prescribed medications to treat those conditions.

Plaintiff states that he was arrested in Marion County, Alabama, on May 3, 2013, and incarcerated in Alabama.  While there, he fell and suffered extreme pain.[3]  He states that he "never got the feeling back" in his right leg and foot and "the numbness has now spread to my left foot."  He states that he was extradited to Kentucky and transferred to HCDC in December 2013.  He represents that when he arrived at HCDC he gave his medical history and list of medications and informed HCDC personnel about the accident he had.  He states that even though he was documented as disabled, "they still made me try to work in the kitchen where again because of the pain and now numbness in my legs I had an extremely bad fall on my right side  . . . ."  He states that he received an x-ray and was told that no bones were broken and that he had a torn rotator cuff and tendons and he was given Ibuprofen for 10 days.  Plaintiff states that from December 2013 "till my fall, till I was shipped on August 20th 2014 to the Roederer C.C. it was a constant day and night struggle with the blinding, crippling pain, to the point my blood pressure was running 200/100."  He further states, "At one point while requesting my

---

[2]For the purposes of initial review, the Court presumes Plaintiff is suing two nurses named "Christy."

[3]By prior Memorandum and Order (DN 11), the Court ordered that Plaintiff's claims against the Marion County Sheriff's Office, located in Alabama, be severed from this action and transferred to the U.S. District Court for the Northern District of Alabama.  Therefore, any claims concerning Plaintiff's incarceration in Alabama will not be addressed in this action.

psych meds of Depakote, Respridal, and Seroquil, these supposedly registered nurses said those were for numbness in my legs and continued to deny me my meds." He also maintains that HCDC told him that he should buy Ibuprofen from the canteen even though he was indigent.

Plaintiff further states the following:

[A]fter arriving at the R.C.C. on August 20th, 2014, THEY CONTINUED to deny me my medication as well and even tho the Im Native American shaved my head disgracing me. All this together, from everything I'd mentally and physically suffered from H.C.D.C. then the R.C.C. caused my blood pressure to go so high I had a light stroke on Sept. 13, 2014. I am allergic to blood pressure medication so my pain management meds and my therapy dog has kept me alive since the Dr. gave me 6 months to live when I was 43, I'm 47 now.

Plaintiff alleges claims under the United States and Kentucky constitutions and alleges medical malpractice and negligence. As relief, he seeks compensatory and punitive damages.

Plaintiff attaches medical records and inmate sick call slips, including sick call slips submitted to Defendant Southern Health Partners while he was an inmate at HCDC. These sick call slips show responses from medical staff members stating, "We do not treat chronic pain."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

3

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III.  ANALYSIS

***Denial of medical treatment at HCDC***

Plaintiff alleges that he was denied medical treatment while incarcerated at HCDC.  He alleges deliberate indifference, cruel and unusual punishment, medical malpractice, and violations of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Section 17 of the Kentucky Constitution.

Plaintiff fails to explain how the Fifth Amendment applies to his claims.  Based on the facts alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants.  Moreover, "state pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause" while convicted inmates are protected by the Eighth Amendment's Cruel and Unusual Punishments Clause.  *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted).

Since Plaintiff is a convicted state inmate, Plaintiff's deliberate indifference claims must be brought under the Eighth Amendment, rather than the Fourteenth Amendment. Accordingly, the Court will dismiss the Fifth and Fourteenth Amendment claims for failure to state a claim upon which relief may be granted.

Construing Plaintiff's allegations as true, as this Court is required to do at this stage, *Tackett*, 561 F.3d at 488, the Court will allow Plaintiff's deliberate indifference claims under the Eighth Amendment of the U.S. Constitution and Section 17 of the Kentucky Constitution and his medical malpractice claims to proceed past initial review against Defendants Hardin County, Southern Health Partners, and Nurses Christy, Christy, and Heather in their individual capacities. In allowing the claims to go forward, the Court passes no judgment on their ultimate merit.

***Correct Care Solutions***

Plaintiff also sues Correct Care Solutions based on allegations that he was denied medical treatment after being transferred to RCC. Based on the allegations, the Court considers Correct Care Solutions to be a private entity which has contracted with the Kentucky Department of Corrections to provide medical care to inmates. The Sixth Circuit has held that the analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation such as Correct Care Solutions.[4] *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.") (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on

---

[4]"It is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)).

a *respondeat superior* theory." *Monell*, 436 U.S. at 691.  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Id.*  Thus, liability of a contracted private entity must be based on a policy or custom of the entity.  *Street v. Corr. Corp. of Am.*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To state a claim, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff alleges no policy or custom on the part of Defendant Correct Care Solutions which caused the alleged denial of medical care.  With regard to the allegations against this Defendant, Plaintiff alleges an isolated occurrence affecting only him.  *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").  Accordingly, Plaintiff's claims against Correct Care Solutions will be dismissed for failure to state a claim upon which relief may be granted.

*Head shaving*

Plaintiff also makes a brief reference in the second amended complaint that even though he is Native American he was required at RCC to shave his head "disgracing me."  It is unclear whether Plaintiff is attempting to allege a separate claim based on this allegation.  However, Plaintiff fails to identify any Defendant who was responsible for this action.  While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).  To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.  *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976).  As Plaintiff alleges no Defendant responsible for this action, any claim based the shaving of Plaintiff's head will be dismissed for failure to state a claim.

## IV.  ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims under the Fifth and Fourteenth Amendments, his claim against Correct Care Solutions, and his claim concerning the shaving of his head are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Correct Care Solutions as a party to this action.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Hardin County Attorney
4415.010

7